IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

_See Attached Pleading_
_John Doe_

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-against-

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

**Complaint for a Civil Case**

Case No. 2:24-cv-01384-BHH-MHC

(to be filled in by the Clerk's Office)

Jury Trial:   ☐ Yes   ☐ No
(check one)

[Stamp: RECEIVED USDC CLERK, CHARLESTON, SC 2024 MAR 22 PM 12:37]

Plaintiff's Pleading is a 12 page document Attached to these Instructions.

Also Included:
1) A Summons for each of the 2 known Defendants
2) Plaintiffs answers to Local Civil Rule 26.01
3) Motion to proceed pseudononymously

3. The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____
_____
_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

*See Attached*

_____
_____
_____
_____

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*See Attached*

_____
_____
_____
_____

5

|                      |                    |
|----------------------|--------------------|
| Job or Title (if known) | _____ |
| Street Address       | _____ |
| City and County      | _____ |
| State and Zip Code   | _____ |
| Telephone Number     | _____ |

Defendant No. 4

|                      |                    |
|----------------------|--------------------|
| Name                 | _____ |
| Job or Title (if known) | _____ |
| Street Address       | _____ |
| City and County      | _____ |
| State and Zip Code   | _____ |
| Telephone Number     | _____ |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*See Attached*

3

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)   *See Attached*

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

    b. If the defendant is a corporation

    The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   *See Attached*

V.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3-22, 20 24

Signature of Plaintiff    *Timothy Randolph Fltth*
Printed Name of Plaintiff    Timoth Randolph Fletcher

B.  **For Attorneys**    None

Date of signing: _____, 20__.

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
Telephone Number    _____
E-mail Address    _____

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| John Doe, A Resident & Citizen of South Carolina | **Petition for Declaratory Judgments** |
| -against- | **AND** |
| Facebook, Inc., A Delaware Corporation | **Complaint for Violations of Civil Rights** (Non-Prisoner Complaint) |
| Meta Platforms, Inc., A Delaware Corporation | Case No. _____ |
| Numerous Unknown Facebook, Inc. Employees | Jury Trial: ☐ Yes ☐ No |
| Numerous Unknown Meta Platforms, Inc. Employees | |
| Numerous Unknown US Government Employees | |
| Numerous Unknown Non-Governmental Organizations | |
| Numerous Unknown Co-Conspirators | |

**Plaintiff:**

John Doe, A Resident & Citizen of South Carolina

**Defendants:**

Defendant No. 1: Facebook, Inc., 1 Hacker Way, Menlo Park, California 94025

Defendant No. 2: Meta Platforms, Inc., 1 Meta Way, Menlo Park, California 94025

Defendant Category 3: Numerous Unknown Facebook Employees, addresses unknown

Defendant Category 4: Numerous Unknown Meta Platforms Employees, addresses unknown

Defendant Category 5: Numerous Unknown US Government Employees, addresses unknown

Defendant Category 6: Numerous Unknown Non-Governmental Organizations, addresses unknown

Defendant Category 7: Numerous Unknown Co-Conspirators, addresses unknown

**Petition for Five Declaratory Judgments.**

PLAINTIFF moves this Honorable Court for Five Declaratory Judgments.

**Complaint**

PLAINTIFF is suing the DEFENDANTS for compensatory damages due to THREE COUNTS of Civil Rights violations and STATES:

**Jurisdictional Allegations**

1. This is a Federal Questions case under 28 U.S.C. § 1331.

2. Public Forum doctrine is at issue in this case.

3. The Communications Act of 1934 is at issue in this case.

4. The Sherman Act is at issue in this case.

5. Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) is at issue in this case.

6. The Americans with Disabilities Act is at issue in this case.

7. 18 U.S.C., Chapter 13 § 241, Conspiracy Against Rights is at issue in this case.

8. This is a Diversity of Citizenship case under 28 U.S.C. § 1332.

9. This is an action for money damages in excess of $75,000.

10. At all times material to this lawsuit, PLAINTIFF was a resident and citizen of South Carolina.

11. At all times material to this lawsuit, Facebook, Inc. - now Meta Platforms, Inc. - was engaged in business in South Carolina.

12. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in South Carolina.

13. This Court has jurisdiction to enter declaratory relief under 28 U.S.C. § 1331 and the Declaratory Judgment Act allowing adjudication AND both compensatory and punitive relief for violations of the Constitution and laws of the United States.

## General Factual Allegations

14. On March 24, 2021, Facebook, Inc. - now Meta Platforms, Inc. - terminated PLAINTIFF'S access to his personal account on the Facebook platform.

15. PLAINTIFF depended upon the Facebook platform as a Public Forum.

16. PLAINTIFF has been hearing-impaired since childhood.

17. PLAINTIFF depended upon lip-reading skills – taught to him by his father – to compensate for his hearing impairment until his early 50s.

18. PLAINTIFF'S eyesight began diminishing in his early 50s.

19. PLAINTIFF'S lip-reading skills diminished as his eyesight diminished.

20. By the age of 60, PLAINTIFF'S ability to communicate with family, friends, fellow church members, society in general, and members of his age group, became dependent upon the Facebook platform.

21. PLAINTIFF has always been thankful for the Facebook platform which enabled PLAINTIFF to participate in the PUBLIC FORUM.

22. PLAINTIFF – now nearing 70 years of age and with no access to the Facebook platform – has become isolated from family, friends, fellow church members, society in general, and specifically, members of his age group.

23. PLAINTIFF'S isolation is a result of the TAKING of access to the PUBLIC FORUM known as Facebook by Facebook, Inc. - now Meta Platforms, Inc. - while under COERCION by US government employees.

24. PLAINTIFF'S isolation is a result of the TAKING of access to the PUBLIC FORUM known as Facebook by Facebook, Inc. - now Meta Platforms, Inc. - while being DIRECTED by US government employees.

25. PLAINTIFF is writing a book and is now restrained from advertising on the Facebook platform.

26. PLAINTIFF'S book-in-progress is restrained from being advertised to it's targeted age group.

27. Facebook, Inc. - now Meta Platforms, Inc. - has a monopoly of over 80% of senior citizens who use social media on the internet.

28. Facebook, Inc. - now Meta Platforms, Inc. - is in violation of the Sherman Act.

29. A Bivens Claim is justified as a result of the DEFENDANTS actions that were coerced and/or directed by US Government employees – resulting in the deprivation of PLAINTIFF'S speech rights.

30. US Code, Title 47, Chapter 5, Subchapter II § 230, (c) (2) (A) establishes a DUTY for Facebook, Inc. - now Meta Platforms, Inc. - to perform IN GOOD FAITH in exchange for immunity.

31. Facebook, Inc. - now Meta Platforms, Inc. - has established one or more programs, policies, and/or procedures to SOLICIT complaints from users who disagree with the posts of other users.

32. Facebook, Inc. - now Meta Platforms, Inc. - utilizes solicited complaints to justify the termination of accounts that are subjectively and NOT IN GOOD FAITH determined to be "Objectionable."

33. Concurring with the US Supreme Court decision in Biden v. Knight First Amend Inst at Columbia Univ, 141 S. Ct. 1220 – Supreme Court 2021; Justice Clarence Thomas established cause to review all prior decisions and doctrines determining COMMON CARRIER status.

34. As of this filing, PLAINTIFF remains barred from the PUBLIC FORUM known as Facebook.

## COUNT ONE: DECLARATORY JUDGMENT;

### Public Forum Doctrine

35. PLAINTIFF re-alleges and re-states the foregoing jurisdictional allegations and general factual allegations.

36. In Perry Educ. Ass'n v. Perry Educator's Ass'n, 460 U.S., 37 (1983), the Supreme Court divided forums into three types: traditional public forums, designated forums, and nonpublic forums.

37. Facebook, Inc. - now Meta Platforms, Inc. - fails to qualify as a nonpublic forum such as airport terminals and voting places.

38. Facebook, Inc. - now Meta Platforms, Inc. - fails to qualify as a designated or limited forum such as

municipal theaters and meeting rooms on public property.

39. Facebook, Inc. - now Meta Platforms, Inc. - QUALIFIES as a PUBLIC FORUM due to the fact that its algorithmic platform is an augmented version of technology created by an agency or agencies of the US Government.

40. In Venetian Casino v. Local Joint Executive Bd., 257 F. 3d 937 – Court of Appeals, 9th Circuit 2001, it was decided: "Given the historically public character of the predecessor's sidewalk, the replacement sidewalk's current public use, its similarity to and interconnection with Las Vegas' network of public sidewalks, and its dedication to public use under the Venetian's 1999 Agreement with the Department, we conclude that the Venetian's sidewalk constitutes a public forum subject to the protections of the First Amendment. Accordingly, we affirm the judgment of the district court."

41. Facebook, Inc. - now Meta Platforms, Inc. - QUALIFIES as a PUBLIC FORUM due to the fact that it has become intertwined with all existing traditional PUBLIC FORUMS.

42. Facebook, Inc. - now Meta Platforms, Inc. - QUALIFIES as a PUBLIC FORUM due to the fact that a greater percentage of the US population now uses Facebook to communicate than the percentage of the US population that depends solely on the traditional public forums.

43. Facebook, Inc. - now Meta Platforms, Inc. - QUALIFIES as a PUBLIC FORUM due to the fact that it has asserted immunity as a defense under US Code, Title 47, Chapter 5, Subchapter II § 230 THEREBY confirming a contractual obligation to ALLOW constitutional speech on its platform.

44. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned allegations.

45. WHEREFORE, plaintiff moves this Honorable Court to enter a Declaratory Judgment as follows:

    A. Declaring that Facebook, Inc. - now Meta Platforms, Inc. - is a PUBLIC FORUM.

    B. Declaring the constitutional rights of the plaintiff in a PUBLIC FORUM.

    C. Awarding relief as the Court deems just, proper and equitable under the circumstances.

## COUNT TWO: DECLARATORY JUDGMENT;

### Breach of Duty

46. PLAINTIFF re-alleges and re-states the foregoing jurisdictional allegations and general factual allegations.

47. US Code, Title 47, Chapter 5, Subchapter II § 230, (c) (2) (A) states: "any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected"

48. Facebook, Inc. - now Meta Platforms, Inc. - has been coerced into censoring speech that is considered unfavorable by both the Executive and Legislative branches of the US government.

49. Facebook, Inc. - now Meta Platforms, Inc. - has been directed to censor speech that is considered unfavorable by both the Executive and Legislative branches of the US government.

46. Facebook, Inc. - now Meta Platforms, Inc. - has acted in LESS THAN GOOD FAITH in removing content from the Facebook platform.

50. Immunity under US Code, Title 47, Chapter 5, Subchapter II § 230, (c) (2) (A) is established CONDITIONALLY by a requirement to act in GOOD FAITH.

51. Facebook, Inc. - now Meta Platforms, Inc. - failed to act in GOOD FAITH when it terminated the PLAINTIFF'S access to his personal Facebook account.

52. Facebook, Inc. - now Meta Platforms, Inc. - continues to act in LESS THAN GOOD FAITH by barring the PLAINTIFF from using the Facebook platform now and in the future.

53. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned allegations.

54. WHEREFORE, plaintiff moves this Honorable Court to enter a Declaratory Judgment as follows:

    A. Declaring that Facebook, Inc. - now Meta Platforms, Inc. - has breached its DUTY to

perform in GOOD FAITH when censoring speech on the Facebook platform.

B. Declaring that Facebook, Inc. - now Meta Platforms, Inc. - has no immunity under US Code, Title 47, Chapter 5, Subchapter II § 230, (c) (2) (A) in this case.

C. Awarding relief as the Court deems just, proper and equitable under the circumstances.

## COUNT THREE: DECLARATORY JUDGMENT;

### Restraint of Trade in a Monopolized Subgroup

55. PLAINTIFF re-alleges and re-states the foregoing jurisdictional allegations and general factual allegations.

56. PLAINTIFF'S book-in-progress is targeted specifically toward the subgroup known as "senior citizens" who use the Facebook platform.

57. Plaintiff is now barred from using Facebook.

58. Facebook, Inc. - now Meta Platforms, Inc. - enjoys a monopoly of greater than 80% in the subgroup known as "senior citizens" seeking to participate in the PUBLIC FORUM.

59. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned allegations.

60. WHEREFORE, plaintiff moves this Honorable Court to enter a Declaratory Judgment as follows:

   A. Declaring that Facebook, Inc. - now Meta Platforms, Inc. - is in violation of The Sherman Act as it pertains to this case.

   B. Declaring the constitutional rights of the plaintiff to advertise on the Facebook platform..

   C. Awarding relief as the Court deems just, proper and equitable under the circumstances.

## COUNT FOUR: DECLARATORY JUDGMENT;

### Bivens Claim

61. PLAINTIFF re-alleges and re-states the foregoing jurisdictional allegations and general factual

allegations.

62. Facebook, Inc. - now Meta Platforms, Inc. - operates under constant threat from Executive action by the Executive branch of the US government.

63. Facebook, Inc. - now Meta Platforms, Inc. - operates under constant threat from Legislative action by the Legislative branch of the US government.

64. Employees of these two branches have coerced Facebook, Inc. - now Meta Platforms, Inc. - into committing acts that would be unconstitutional for them to commit themselves.

65. In response to coercion by US government employees and/or agents, Facebook, Inc. - now Meta Platforms, Inc. - developed and implemented programs, schemes, and/or policies, in coordination with US Government employees to suppress undesired dissent.

66. These various dissent-suppression programs, schemes, and/or policies, led to deprivation of the PLAINTIFF'S First Amendment speech rights.

67. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned allegations.

68. WHEREFORE, plaintiff moves this Honorable Court to enter a Declaratory Judgment as follows:

    A. Declaring that Facebook, Inc. - now Meta Platforms, Inc. - acted under coercion and/or direction of/by US government employees when it created programs and schemes to solicit subjective complaints against Facebook users who were deemed to be posting "objectionable' content.

    B. Declaring that Facebook, Inc. - now Meta Platforms, Inc. - used said programs and schemes, under coercion and/or direction, to justify terminating PLAINTIFF'S access to the Facebook platform.

    B. Declaring the PLAINTIFF'S right, under Bivens, to file lawsuits against US government employees who coerced or directed the establishment of said programs and

schemes used to terminate PLAINTIFF'S access to the Facebook platform.

C. Awarding relief as the Court deems just, proper and equitable under the circumstances.

## COUNT FIVE: DECLARATORY JUDGMENT;

### Discrimination by a Common Carrier

69. PLAINTIFF re-alleges and re-states the foregoing jurisdictional allegations and general factual allegations.

70. A greater percentage of the US population presently uses the private messaging service on the Facebook platform than was the percentage of the US population using American Telephone and Telegraph (ATT) for communicating at the time of the Communications Act of 1934.

71. Facebook, Inc. - now Meta Platforms, Inc. - holds itself out as a service to the general public.

72. Mark Zuckerberg, Co-founder of Facebook and the present Chairman, Chief Executive Officer, and controlling Shareholder of Meta Platforms, Inc. has publicly stated; "Facebook gives everyone a way to use their voice."

73. Mark Zuckerberg, Co-founder of Facebook and the present Chairman, Chief Executive Officer, and controlling Shareholder of Meta Platforms, Inc., wrote an opinion piece in 2019 inviting Congress to regulate his company and describing areas where regulatory control would be helpful to both Facebook and the general public.

74. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned allegations.

75. WHEREFORE, plaintiff moves this Honorable Court to enter a Declaratory Judgment as follows:

   A. Declaring that Facebook, Inc. - now Meta Platforms, Inc. - is a COMMON CARRIER.

   B. Declaring the constitutional rights of the plaintiff to use the Common Carrier's services.

   C. Awarding relief as the Court deems just, proper and equitable under the circumstances.

## COUNT SIX: CIVIL RIGHTS VIOLATION

### Deprivation of Constitutional Speech in a Public Forum

76. PLAINTIFF re-alleges and re-states the foregoing jurisdictional allegations and general factual allegations.

77. In the US, each day, there are more people using Facebook than there are walking on sidewalks.

78. Only two decades ago, Facebook was merely an idea on the mind of a kid in his dorm room.

79. By building upon government-created algorithmic technology, Facebook, Inc. - now Meta Platforms, Inc. - has developed a communications platform that far exceeds the communication capabilities of ALL TRADITIONAL PUBLIC FORUMS combined.

80. Facebook, Inc. - now Meta Platforms, Inc. - has enjoyed immunity from civil liability due to USC Title 47, Chapter 5, Subchapter II § 230, (c) (2) (A).

81. US Code, Title 47, Chapter 5, Subchapter II § 230, (c) (2) (A) qualifies as a contractual agreement between internet service providers such as Facebook, Inc. - now Meta Platforms, Inc. - and the US government.

82. Facebook, Inc. - now Meta Platforms, Inc. - has violated the terms of said agreement by BREACHING its DUTY to ACT IN GOOD FAITH when censoring speech on its platform.

83. Facebook, Inc. - now Meta Platforms, Inc. - has BREACHED its DUTY and thereby forfeited the immunity provided by US Code, Title 47, Chapter 5, Subchapter II § 230, (c) (2) (A)

84. The platform operated by Facebook, Inc. - now Meta Platforms, Inc. - is a PUBLIC FORUM.

85. WHEREFORE, PLAINTIFF moves this Honorable Court to enter an Order for Seven Million US Dollars ($7,000,000.00) compensatory damages against Facebook, Inc. - now Meta Platforms, Inc. - together with punitive and such other relief as this Honorable Court may deem reasonable and just under the circumstances.

## COUNT SEVEN: CIVIL RIGHTS VIOLATION

### Violation of The Americans with Disabilities Act

86. PLAINTIFF re-alleges and re-states the foregoing jurisdictional allegations and general factual allegations.

87. Facebook, Inc. - now Meta Platforms, Inc. - knows or should have known that a high percentage of its users within the subgroup known as "senior citizens" suffer from disabilities covered under the Americans With Disabilities Act.

88. Facebook, Inc. - now Meta Platforms, Inc. - terminated PLAINTIFF'S access to the Facebook platform with no regard for or questions about the PLAINTIFF'S dependency upon the platform.

89. PLAINTIFF has been hearing-impaired since childhood.

90. PLAINTIFF – now nearing 70 years of age and with no access to the Facebook platform – has become isolated from family, friends, fellow church members, society in general, and specifically, members of his age group.

91. WHEREFORE, PLAINTIFF moves this Honorable Court to enter an Order for Seven Million US Dollars ($7,000,000.00) compensatory damages against Facebook, Inc. - now Meta Platforms, Inc. - together with punitive and such other relief as this Honorable Court may deem reasonable and just under the circumstances.

### COUNT EIGHT: CIVIL RIGHTS VIOLATION

#### Conspiracy to Deprive Constitutional Rights

92. PLAINTIFF re-alleges and re-states the foregoing jurisdictional allegations and general factual allegations.

93. In response to coercion by US government employees and/or agents, Facebook, Inc. - now Meta Platforms, Inc. - developed and implemented programs, schemes, and/or policies, in coordination with US Government employees to suppress undesired dissent.

94. These various dissent-suppression programs, schemes, and/or policies, led to deprivation of the PLAINTIFF'S First Amendment speech rights.

95. By soliciting other Facebook platform users to complain about PLAINTIFF'S posts on the platform, Facebook, Inc. - now Meta Platforms, Inc., organized and implemented a conspiracy to deprive PLAINTIFF of Constitutional speech in a Public Forum.

96. WHEREFORE, PLAINTIFF moves this Honorable Court to enter an Order for Seven Million US Dollars ($7,000,000.00) compensatory damages against Facebook, Inc. - now Meta Platforms, Inc. - together with punitive and such other relief as this Honorable Court may deem reasonable and just under the circumstances.

97. RESPECTFULLY SUBMITTED this 22nd day of March, 2024

_____
John Doe, a pseudonym

(Proof of Service to be provided after service.)

Timothy Randolph Fletcher
125 Tennyson Way
Summerville, SC
29486

843-568-4739


I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Timothy Randolph Fletcher / See Attached
Street Address: 125 Tennyson Way
City and County: Summerville
State and Zip Code: SC 29486
Telephone Number: 843-568-4739

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1
Name: See Attached
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:

Defendant No. 2
Name: See Attached
Job or Title (if known):
Street Address:
City and County:
State and Zip Code:
Telephone Number:

Defendant No. 3
Name:

2